# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF LOUISIANA
# LAFAYETTE DIVISION

| | |
|---|---|
| YOUNGS PROFESSIONAL SERV., LLC, ET AL. | CIVIL ACTION NO. 6:19-1347 |
| versus | JUDGE JUNEAU |
| SHERIDAN ANESTHSIA SERV. OF LA., INC., ET AL. | MAG. JUDGE WHITEHURST |

## REPORT AND RECOMMENDATION

Before the undersigned, on referral from the district judge, is the Motion to Remand [Doc. 15] filed by plaintiffs Youngs Professional Services, LLC ("YPS"), Kierstin Lund, Sheela Venugopal, Michael Tahir, Elaine Pages, Aaron LaHasky, Douglas Baker, Nicole Moore, Paul Lafleur, and Douglas Francois (collectively, "plaintiffs").  The motion is opposed by defendants Sheridan Anesthesia Services of Louisiana, Inc., Envision Physician Services, LLC, and Sheridan Healthcare of Louisiana, Inc. [Doc. 18], and plaintiffs filed a reply brief [Doc. 21].  For the following reasons, it is RECOMMENDED that the Motion to Remand be GRANTED.

### I.    FACTUAL BACKGROUND

The instant lawsuit arises out of an employment dispute between the plaintiffs -- YPS, a medical staffing company, and several anesthesiologists and anesthesia Certified Registered Nurse Anesthetists (CRNAs) (collectively, the "providers").

1

RNAs – and Envision and Sheridan. In their opposition brief, Envision and Sheridan argue that Envision is a multi-specialty medical healthcare company that collaborates with healthcare systems and insurance providers throughout the United States, while the Sheridan entities are a staffing services company that provides anesthesia services through its staff of anesthesiologists and CRNAs. In their complaint, the plaintiffs allege that Sheridan was under contract with Women's & Children's Hospital ("W&C") and Lafayette Surgicare in Lafayette, Louisiana to provide anesthesiologists and/or CRNAs to work there. The complaint alleges that Sheridan also entered into employment agreements with the plaintiff providers, and that defendant Envision administered or managed Sheridan's relationship with the providers.

Plaintiffs allege that, pursuant to their employment agreements, the providers were staffed by Sheridan at W&C or Lafayette Surgicare where they worked as anesthesiologists or CRNAs, and that after years of service, the providers learned from Envision that Sheridan was terminating their employment agreements because Sheridan was cancelling its contracts with W&C and Lafayette Surgicare over a pricing dispute. The providers have alleged that they were the only staffers employed by Sheridan in Lafayette Parish, and in Louisiana for that matter, and that once Sheridan terminated the providers' employment contracts, Sheridan was no longer carrying on business in Lafayette Parish. Sheridan disputes the foregoing,

arguing it currently staffs anesthesia professionals in medical facilities in several Louisiana parishes, including Lafayette Parish. It appears that defendants argue that Sheridan did not terminate the providers' employment contracts; rather, defendants argue that prior to the expiration of their employment agreements, the providers left Sheridan to accept employment with YPS, which is also a medical staffing group that provides anesthesia and other professional medical staff to hospitals and surgical centers in Louisiana, including Lafayette Parish.

The providers acknowledge that they are presently engaged by YPS to render medical services at W&C and/or Lafayette Surgicare. On August 30, 2019, plaintiffs filed a Petition for Declaratory Judgment in the 15th Judicial District Court, Lafayette Parish, Louisiana, seeking a judgment, pursuant to La. C.C.P. Art. 1871, *et seq.*, declaring the rights, status and other legal relations between the parties interpreting and applying certain agreements between them including purported restrictive covenants in certain employment contracts between Sheridan and the providers. Plaintiffs allege that the restrictive covenants are invalid under La. R.S. 23:921 and unenforceable against the providers and, alternatively, that the providers are not violating the restrictive covenants. The state court lawsuit named as defendants Sheridan and Envision.

On October 14, 2019, Defendants filed a Notice of Removal in the Alexandria Division of the Western District of Louisiana instead of the Lafayette Division,

3

which thereafter transferred the matter to the Lafayette Division.  Defendants then filed an Amended Notice of Removal on October 18, 2019.  In response to a deficiency notice issued by the Court, defendants re-filed the Amended Notice of Removal on October 24, 2019 (referred to hereinafter as the "Notice").

In their Notice of Removal, the defendants assert that this Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. 1332, based on diversity of citizenship and an amount in controversy in excess of the sum or value of $75,000.00, exclusive of interest and costs.  Plaintiffs filed the instant motion to remand, arguing that removal was improper, because the defendants fail to satisfy the amount in controversy and because defendants have not sufficiently shown that the parties are diverse.

## II.   LAW AND ANALYSIS

### A. Legal Standard

Federal district courts are courts of limited jurisdiction, possessing only the power authorized by the Constitution and by statute. *See, e.g.*, *Griffin v. Lee*, 621 F.3d 380, 388 (5th Cir. 2010); *Halmekangas v. State Farm Fire and Cas. Co.*, 603 F.3d 290, 292 (5th Cir. 2010); *Howery v. Allstate Ins., Co.*, 243 F.3d 912, 916 (5th Cir. 2001).  Accordingly, federal courts have subject-matter jurisdiction only over

civil actions presenting a federal question[1] and those in which the amount in controversy exceeds $75,000 and the parties are citizens of different states.[2]  For that reason, a suit is presumed to lie outside a federal court's jurisdiction until the party invoking federal-court jurisdiction establishes otherwise.  *Howery v. Allstate*, 243 F.3d at 916.  Because "the effect of removal is to deprive the state court of an action properly before it, removal raises significant federalism concerns."  *Carpenter v. Wichita Falls Indep. Sch. Dist*., 44 F.3d 362, 365 (5th Cir. 1995).  The removal statute must therefore be strictly construed, and any doubt about the propriety of removal must be resolved in favor of remand and against federal-court jurisdiction.  *Carpenter* 44 F.3d at 366; *Acuna v. Brown & Root Inc*., 200 F.3d 335, 339 (5th Cir. 2000).

    The party invoking subject-matter jurisdiction in federal court has the burden of establishing the court's jurisdiction by a preponderance of the evidence.  *Howery v. Allstate Ins. Co*., 243 F.3d at 919; *St. Paul Reinsurance Co., Ltd. v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998).  When the complaint does not allege a specific amount of damages, this party must prove by a preponderance of the evidence that the amount in controversy is met.  *Id.* at 638–39.  Importantly, "[i]n actions seeking

---

[1] 28 U.S.C. §1331.

[2] 28 U.S.C. §1332.

declaratory or injunctive relief, it is well established that the amount in controversy is measured by the value of the object of the litigation." *Frye v. Anadarko Petroleum Corp.*, 2019 WL 7374806, at *6 (5th Cir. 2019), *citing Farkas v. GMAC Mortg., L.L.C.*, 737 F.3d 338, 341 (5th Cir. 2013) (quoting *Hunt v. Wash. State Apple Advert. Comm'n*, 432 U.S. 333, 347, 97 S.Ct. 2434, 53 L.Ed.2d 383 (1977)).

Thus, when an action is removed from state court, as this suit was, the removing party bears the burden of proving that federal-court jurisdiction exists. *Shearer v. Southwest Service Life Ins. Co.*, 516 F.3d 276, 278 (5th Cir. 2008); *Boone v. Citigroup, Inc.*, 416 F.3d 382, 388 (5th Cir. 2005); *Manguno v. Prudential Property and Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002); *De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1408 (5th Cir. 1995). Accordingly, the defendants, as the removing parties, have the burden of establishing that this Court has subject-matter jurisdiction over this action.

To remove a case based on diversity jurisdiction, a defendant must demonstrate "that all of the prerequisites of diversity jurisdiction contained in 28 U.S.C. §1332 are satisfied." *Smallwood v. Illinois Central Railroad Co.*, 385 F.3d 568, 572 (5th Cir. 2004) (*en banc*). Thus, the removing defendant must establish that the amount in controversy exceeds $75,000 and the parties are diverse in citizenship.

**B. Analysis**

**1. Are the parties diverse in citizenship?**

The basis upon which jurisdiction depends must be alleged affirmatively and distinctly and cannot be established argumentatively or by inference. *Illinois Central Gulf Railroad Co. v. Pargas, Inc*., 706 F.2d 633, 636 (5th Cir. 1983). Therefore, when jurisdiction depends on citizenship, citizenship must be distinctly and affirmatively alleged. *Getty Oil v. Ins. Co. of North America*, 841 F.2d 1254, 1259 (5th Cir. 1988). Furthermore, "the burden of establishing jurisdiction rests upon the party seeking to invoke it and cannot be placed upon the adversary who challenges it." *Gaitor v. Peninsular & Occidental S. S. Co*., 287 F.2d 252, 253 (5th Cir. 1961). For those reasons, "[t]he burden of pleading diversity of citizenship is upon the party invoking federal jurisdiction, and if jurisdiction is properly challenged, that party also bears the burden of proof." *Ray v. Bird and Son and Asset Realization Co*., 519 F.2d 1081, 1082 (5th Cir. 1975). Once a motion to remand is filed, the burden is on the removing parties to prove that federal jurisdiction exists. *De Aguilar v. Boeing*, 47 F.3d at 1408.

In this matter, the plaintiff YPS is a limited liability company with members who are citizens or residents of Louisiana and Texas. Thus, YPS is a citizen of Louisiana and Texas for purposes of diversity jurisdiction. The Sheridan defendants are foreign corporations whose principal place of business is in Florida and are

therefore citizens of Florida for the purposes of diversity jurisdiction. The dispute in the instant motion centered on the citizenship of defendant Envision, but that dispute appears to have been resolved by the briefing. The Notice of Removal sets forth that Envision is a limited liability company with its principal place of business in Florida, and further alleged that Envision Healthcare Corporation -- a foreign corporation with its principal place of business in Florida – is a member of Envision. The plaintiffs originally argued that the Notice of Removal only set forth the citizenship of *one* of Envision's members and failed to state whether Envision had *other* members whose citizenship was unstated. That deficiency was cured in the defendants' opposition brief, wherein defendants argued that Envision Healthcare Corporation is Envision's only member, and attached a copy of Envision's 2019 Foreign Limited Liability Company Annual Report, filed with the Florida Secretary of State on April 23, 2019, which lists Envision Healthcare Corporation as the sole member of Envision. Defendants also attached EHC's 2019 Foreign Profit Corporation Annual Report filed with the Florida Secretary of State on April 29, 2019, Envision's corporate filing with the Delaware secretary of State, and EHC's filing with the Delaware Secretary of State. All of the foregoing documents confirm that diversity of citizenship is established.

## 2. Does the Amount in Controversy Exceed the Statutory Threshold?

The amount in controversy is the sum claimed by the plaintiff in his complaint if the claim was apparently made in good faith. *St. Paul Reinsurance v. Greenberg*, 134 F.3d at 1253; *De Aguilar v. Boeing Co.*, 47 F.3d at 1408; *Nat'l Union Fire Ins. Co. of Pittsburgh v. Russell*, 972 F.2d 628, 630 (5th Cir. 1992). When the complaint does not state a specific amount of damages, the defendant must establish by a preponderance of the evidence that the amount in controversy exceeds the jurisdictional threshold. *Simon v. Wal-Mart Stores*, 193 F.3d 848, 850 (5th Cir. 1999); *Allen v. R & H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir. 1995). This burden can be satisfied either by demonstrating that the amount in controversy is facially apparent from the plaintiff's pleadings or by setting forth the facts in controversy, with summary-judgment-type evidence, that support a finding of the requisite amount. *Luckett v. Delta Airlines, Inc.*, 171 F.3d 295, 298 (5th Cir. 1999); *Allen v. R & H*, 63 F.3d at 1335. "In actions seeking declaratory or injunctive relief, it is well established that the amount in controversy is measured by the value of the object of the litigation." *Frye v. Anadarko Petroleum Corp.*, 2019 WL 7374806, at *6 (5th Cir. 2019), *citing Farkas v. GMAC Mortg., L.L.C.*, 737 F.3d 338, 341 (5th Cir. 2013) (quoting *Hunt v. Wash. State Apple Advert. Comm'n*, 432 U.S. 333, 347, 97 S.Ct. 2434, 53 L.Ed.2d 383 (1977)).

In this case, the plaintiffs filed a declaratory judgment seeking a judgment declaring the rights, status, and other legal relations between the parties with regard to certain agreements between them, including alleged restrictive covenants. The plaintiffs submit that these restrictive covenants are invalid and unenforceable under La. R.S. 23:921, and the state court petition contains no allegations or averments as to an amount in controversy. Moreover, the petition does not seek damages or monetary relief. Notably, the burden is on the defendants in this matter to demonstrate that the amount in controversy satisfies the jurisdictional threshold, however, the defendants have attached no summary judgment type evidence establishing that the jurisdictional amount is satisfied. The Notice of Removal argues only that "[t]he impact of any declaratory judgment which would deem the Non-Compete Agreement unenforceable would have an economic impact in excess of $75,000." As the caselaw makes clear, the "impact" of the declaratory judgment is not the focus of the inquiry, rather, the "value of the object of the litigation" is the primary focus. A review of the briefs in connection with the motion to remand shows that neither party adequately establishes what the value of the object of this litigation is in this lawsuit where the plaintiffs are attempting to invalidate certain employment agreements which contain non-compete clauses. While the parties battle back and forth about appropriate legal standards for determining the amount in controversy in a declaratory judgment action, neither party comes forward with

any evidence by which the undersigned can determine the amount in controversy for purposes of this motion to remand. The burden is not on the plaintiffs, however, to do so. Under well-established law, the defendants are charged with this burden, and they fail to sustain it. Accordingly, the motion to remand must be granted.

### III.  CONCLUSION

Considering the foregoing,

**IT IS RECOMMENDED** that the Motion to Remand [Doc. 15] be GRANTED, and that this matter be remanded to the Fifteenth Judicial District Court for the Parish of Lafayette, Louisiana.

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have fourteen days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen days after being served with a copy of any objections or responses to the district judge at the time of filing.

Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in the report and recommendation within fourteen days following the date of its service, or within the time frame authorized by Fed. R. Civ. P 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the district court, except upon grounds

of plain error. *See Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).

**THUS DONE AND SIGNED** this 7th day of April, 2020 at Lafayette, Louisiana.

CAROL B. WHITEHURST
UNITED STATES MAGISTRATE JUDGE